CALLAHAN, Circuit Judge,
dissenting.
I respectfully dissent. In order to obtain asylum, a petitioner must show that he was or will be persecuted based on a protected ground. 8 U.S.C. § 1158(b)(l)(B)(i). In my view, the BIA’s determination that Petitioner Singh had not made the required showing was based on substantial evidence.
Here, the BIA held that Singh failed to show any persecution on account of an imputed political opinion. It is true that a petitioner may show he has been persecuted on account of an imputed political opinion when he is accused by the police of terrorism based solely on his relationship with a known terrorist. See Singh v. Holder, 764 F.3d 1153, 1159-60 (9th Cir.2014). However, the BIA’s finding in this case that Singh failed to show past persecution on account of an imputed political opinion was based on substantial evidence because the few instances of police questioning that he endured did not rise to the level of persecution. See Hoxha v. Ashcroft, 319 F.3d 1179, 1182 (9th Cir.2003) (unfulfilled threats constituted harassment, not persecution); cf. Khup v. Ashcroft, 376 F.3d 898, 904 (9th Cir.2004), (finding persecution when the police threatened the petitioner after torturing, killing, and dragging a fellow preacher’s body through the streets). Further, in his petition to the Ninth Circuit, Singh disclaims any argument that he was persecuted on account of an imputed political opinion. See Pet’r’s Br. at 30 (“Mr. Singh never claimed to have been persecuted on account of his actual or imputed political opinion....”). Thus, Singh waived this argument on appeal. See Tijani v. Holder, 628 F.3d 1071, 1080 (9th Cir.2010) (noting that the court generally will not “take up arguments not raised in an alien’s opening brief.”).
Despite having only argued to the BIA that he had been persecuted on account of an imputed political opinion, Singh now faults the BIA for failing to consider whether he had been persecuted on ac *532 count of his religion or membership in a particular social group. However, the BIA cannot be faulted for its failure to consider arguments that a petitioner never properly raised before it. See 8 U.S.C. § 1252(d)(1) (stating that a petitioner must exhaust all remedies before judicial review of a final order of removal is appropriate); Omari v. Holder, 562 F.3d 314, 321 (5th Cir.2009) (interpreting the statute as barring appellate consideration of issues not raised before the BIA). Further, Singh even now does not explain how he was persecuted on account of his religion or social group. Nor does he identify his social group. Thus remand to consider whether he was persecuted on another protected ground is not warranted.[1]
Because the BIA’s conclusion that Singh failed to show past persecution on account of an imputed political opinion was based on substantial evidence, and because Singh failed to raise before the BIA the argument that he had been persecuted on some other protected ground, I would deny Singh’s petition.

. Singh recently filed a motion to reopen with the BIA based on his conversion to Christianity in October 2012. See Pet’r’s Mot. to Stay Proceedings, September 11, 2014, ECF No. 25. It is unclear whether any of his current claims are moot in light of this conversion, though that motion is not at issue in the instant petition.